1  LEON SANDERS
2  19219 Northwood Ave.
   Carson, California 90746
   Ph. (310)637-6939
3  Fax.(310)762-9211

   **ORIGINAL**

   **FILED IN CLERK'S OFFICE**
   U.S.D.C Atlanta

   JAN 1 6 2008

4  Plaintiff' In Pro-Se

   JAMES N. HATTEN, CLERK
                    Deputy Clerk

6            UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF GEORGIA

8                  **1:08-CV-0190 JTC**

9  LEON SANDERS,                    ) COMPLAINT:
                                    )
10     Plaintiff'                   ) FOR VIOLATIONS OF PLAINTIFF'
                                    ) 1st AND 14th AMENDMENT
11     vs.                          ) CIVIL RIGHTS UNDER THE
                                    ) UNITED STATES CONSTITUTION
12 U.S. GOVERNMENT, U.S. PRESIDENT, ) PURSUANT TO THE EXECUTIVE
   U.S. CONGRESS, SOCIAL SECURITY   ) OFFICE ACCOUNTABILITY ACT OF
13 COMMISSION, INTERNAL REVENUE     ) 1996, AND THE CONGRESSIONAL
   COMMISSION, U.S. EMPLOYEES, AND  ) ACCOUNTABILITY ACT OF 1995,
14 CLEANNET USA. INC. WASHINGTON    ) UNDER BIVENS TYPE ACTIONS,
   MUTUAL BANK, MORGAN STANLEY, DEAN) CLEANNET USA INC. WASHINGTON
15 WITTER CREDIT CORP. RAYTHEON     ) MUTUAL BANK, MORGAN STANLEY,
   (HUGHES)AIRCRAFT CO.,AND does 1  ) DEAN WITTER CREDIT CORP.
16 through 10 inclusive.            ) UNDER TRUTH-IN-LENDING ACT.
                                    ) RAYTHEON(HUGHES AIRCRAFT CO.)
17     Defendants                   ) WRONGFUL TERMINATION ET,AL.

19                      JURISDICTION

20   ALL THE ABOVE DEFENDANTS ARE UNDER THE FEDERAL JURISDICTION :

21 Pursuant to defendants motion to dismiss Plaintiff' Complaint on

22 grounds that Federal Rule Of Civil Procedure 8 requires that a

23 Complaint contain " a short and plain statement of ground upon

24 which the Jurisdiction depends" a short and plain statement

25 showing that the Pleader is entitled to relief" and a demand for

26 judgment for the the relief the Pleader seeks" Fed. R. Civ. P.8(a).

27   THE HONORABLE JUDGE, JACK T. CAMP, DISMISS PLAINTIFF' COMPLAINT

28 WITHOUT PREJUDICE.

PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES #8, PLAINTIFF' SUBMIT THE FOLLOWING STATEMENT OF LAW THAT GIVE PLAINTIFF' THE GROUNDS FOR RELIEF ON THE FOLLOWING DEFENDANTS:

1. Plaintiff may under the 1964 Civil Rights Act, 1981 Civil Rights Act, and the 1991 Civil Rights Act, Under Bivens Type Claims or Cause Of Actions seek damages of Constitutional Torts under Fourth Amendment, Berlins Democratic Club vs. Rumsfeld 410 f sup See, Exhibits # 7 thru 47 (herein).

2. Judge Block was not acting in his Judicial Capacity when he dismiss plaintiff' Complaint Case CV 66-2231-SVW, because he was a defendant, and was not assigned to plaintiff' case and therefore he is Immuned from prosecution in the court PLEASE, (see) exhibit # 47, (herein).

3. Exhibits #65 to 74 (herein) will show that plaintiff' was found to be disable to work in all of his previous working experience of the past by Administrative Law Judge Cynthia A. Josserand on June 3, 1995. The Burden Of Proof that the plaintiff' could do Bookeeping, is on the Commission of Social security to show that plaintiff could do bookeepig before denying plaintiff Social Security Disability benefit. plaintiff seeks, and is entitled to Social Security Disability benefits back to 1992, when plaintiff file for Social Security Benefits.

4. plaintiffs seeks a tax refund, pursuant to exhibit #82 (herein) which plaintiff paided $15,886.53 on the agreement with the internal revenue Service, Miss Carol Austin, Problem Relolution Specialist on August 5, 1992, (see exhibit #82 herein). showing cancel checks plaintiff paided Internal revenue service. per agreement.

5. Exhibit # 171 (herein) will show that an Arbritration award in the amount of $9,467.60 was issued on plaintiff' Claim on October 17, 2002. Exhibit # 204(herein) will show that pursuant to Federal Trade Commission Act Under Rule 436.1 on practices which Violate the the Rule and protential Liabilities under Rule 436.1, 1 to 5 allow plaintiff' to seek damages of $10,000.00 on each of those (5) rules. that violates plaintiff' rights under Rule 436.1. Against <u>CLEANNET USA INC</u>.

6. Exhibit# 206 (herein) will show that Defendants Washington Mutual Bank and Morgan Stanley, Dean Witter Credit Corp. has violated the Truth-In-Lending Act Agreement that they signed with the Plaintiff' when Washington Mutual Bank Demanded the pay-off from Escrow, over-payment in the amount $9.667.11 per AmortizationS Schedule. and Morgan Stanley Dean witter Pay-off of $8.742.69. plus $6,231.00 in Re-Finance fees plus punitive Damages. and fraud.

7. Exhibit #299 (herein) will show that the Defendant Hughes Aircraf Aircraft Company Legal Department, PRIVATE DOCUMENT (herein) Stated that plaintiff' was not a Vexatious Litigant, and for plaintiff to be a Vexatious Litigant he would have to lose (6) cases over the next (6) years according to the California Vexatious Litigant Laws.

Plaintiff' is entitled to Relief damages under the 1964 Civil Rights Act, 1991 Civil Rights Act, And the 1981 Civil Rights Act. For Wrongful Termination, (6) years back Pay for the promotion from Labor Grade #9 to Labor #13, in according to The Union Contract. The Transcript (herein) taken in 1995 with Hughes Aircraft Co. Attorney, Mr. Simpson.

3

1. and the Ruling of Former Judge, Edward Rafeedie who had the case
2. before Judge Block. Transcrip also states that Judge Rafeedie
3. rule that plaintiffs' tried to File a Grievance with the Union
4. but Union wouldn't take plaintiff' grievance, when Attorney M
5. Simpson agreed that plaintiff was entitled to (6) months Back
6. pay according to the Union Contract, but the plaintiff' didn't
7. file a grievance with the union. That was when plaintif told
8. Judge Block that Judge Edward Rafeedie Told Mr. Simpson that the
9. plaintiff had tried to file a grievance, with the union but the
10. union wouldn't take paaintiff grievance, Plaintiff has that part
11. of the transcript with Judge Edward Rafeedie when he made t that
12. Ruling. Plaintiff is entitled to worker Compensation from Hughes
13. Aircraft Co.(See exhibit #308 where it states that the union
14. contract states that Hughes Aircraft Company <u>must</u> give an <u>Injury</u>
15. worker a Leave of absent up to 12 months. but instead Hughes
16. Aircraft Company Terminate plaintiff employment with Hughes Aircraft
17. Company, in Violation of the union Contract and Worker Compensation
18. R Rules.
19. Plaintiff Hospital Benefit was cancel, and plaintiff' had to
20. go to Long Beach Veteran Hospital to get treatment for his Job
21. Related Injury. Central District Federal Court, Clerk Issue a
22. DEFAULT RULING AGAINST WORKER COMPENSATION , BUT JUDGE OF THE
23. DISTRICT COURT DISMISS THAT DEFAULT BY THE COURT CLERK, WITHOUT
24. THE DEFENDANT, WORKER COMPENSATION BOARD ASKING THE COURT TO
25. DISMISS THE DEFAULT. Exhibit #326 (herein) shows Relief is
26. Available under the 1981 Civil Right Act. plaintiffs is entitled
27. to damages for <u>emotional harm</u>. <u>Brown vs. Dade Chestran, School Inc.</u>
28. 1977. Statues of Limitation is Tolling on all of above cases.

4

## FIRST CAUSE OF ACTION

8. Plaintiff' ask the court to TAKE JUDICIAL NOTICE" that the exhibits# 24-to26 (herein) will show that the district Court <u>errored</u> when it found plaintiff' to be a vexatious Litigant, because the Ninth Circuit Court Of appeals, Own Ruling stated that (4) Requirement Must be met bya District Court before a District Court a may Issue a Vexatious Order, Those (4) Requirement was not met. and the Transcript at the Hearing in 1995 don't show anything that make plaintiff' a Vexatious Litigant, <u>PLAINTIFF ASK THE COURT TO VACATE THE VEXATIOUS ORDER.</u> PLAINTIFF' ask for damages be awarded against the United States Government in According to Proof:

## SECOND CAUSE OF ACTION

9. The Social Security Commission fail to award plaintiff' his Disability Benefits from 1992 when plaintiff, applied for the social security Disability Benefits, plaintiff seek social security disability benefits from 1992 when plaintiff first applied for social security disability benefits.

## THIRD CAUSE OF ACTION

10. Plaintiff' ask the court to Award plaintiff' Tax Refund that he paided to the Internal Revenue Service, pursuant to the Agreement he made with the Internal Revenue Service, in 1992, in the Amount of $15,886.53, plus interest.

## FOURTH CAUSE OF ACTION

11. Plaintiff' ask the court to Award him the Arbritration Award of $9,467.60 Plus 10% Interest, and Awards For each Violations Defendants made under the (5) Rules of Rules 436.1 Under the Federal Trade Commission Act.

5

## FIFTH CAUSE OF ACTION

12. Plaintiff' ask the Court to award plaintiff' $9,667.11 in over-payment against Washington Mutual Bank plus punitive Damages, and cost.

Plaintiff' ask the Court to award plaintiff' $8,742.69 against Morgan Stanley Dean Witter Credit Corp. Plus punitive Damages and cost.

## SIXTH CAUSE OF ACTION

13. Plaintiff ask the court to award plaintiff' (6) years of back pay for promotion from Labor grade#9 to Labor Grade #13 pursuant to the Union Contract, to award plaintiff' worker Compensation Benefit, to award plaintiff' damages for wrongful Terminaton under the Union Contract, Punitive Damages, and cost according to Proof.

Dated 1/14/2008

*Leon Sanders*
Leon Sanders

5-a

```
LEON SANDERS
19219 Northwood Ave.
Carson, California 90746
Ph. (310)637-6939
Fax.(310)762-9211

Plaintiff' In Pro-Se
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LEON SANDERS,<br><br>    Plaintiff'<br><br>    vs.<br><br>U.S. GOVERNMENT, U.S. PRESIDENT, U.S. CONGRESS, SOCIAL SECURITY COMMISSION, INTERNAL REVENUE COMMISSION, U.S. EMPLOYEES, AND CLEANNET USA. INC. WASHINGTON MUTUAL BANK, MORGAN STANLEY, DEAN WITTER CREDIT CORP. RAYTHEON (HUGHES) AIRCRAFT CO., AND DOES 1 through 10 inclusive.<br><br>    Defendants | DEMAND FOR JURY TRIAL |

Pursuant to Local Rule 3.4 the Plaintiff' submit,

DEMAND FOR JURY TRIAL.

Dated: 1/14/2008

*Leon Sanders*
LEON SANDERS

ii